UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

VANIKA ARRINGTON,

           Plaintiff,

  v.

ST. JOSEPH HOSPITAL,

           Defendant.

CASE NO. 3:25-cv-05418-BHS-GJL

ORDER DECLINING SERVICE AND TO SHOW CAUSE

Plaintiff Vanika Arrington, proceeding *pro se*, initiated this 42 U.S.C. § 1983 action by filing an application to proceed *In Forma Pauperis* ("IFP") and a Proposed civil rights Complaint. Dkts. 5, 5-2. Having reviewed and screened Plaintiff's Proposed Complaint (Dkt. 5-2) under 28 U.S.C. § 1915A, the Court **DECLINES** to direct service and, instead, **ORDERS** Plaintiff to **SHOW CAUSE** why this action should not be **DISMISSED** for failure to state a claim not later than **August 4, 2025**. Additionally, the Court **DEFERS** decision on Plaintiff's IFP Application (Dkt. 5) until after the deadline for Plaintiff to show cause has elapsed.

### I.    BACKGROUND

Plaintiff, who is currently confined at Washington Corrections Center for Women, initiated this 42 U.S.C. § 1983 action concerning the medical treatment she received at St. Joseph

ORDER DECLINING SERVICE AND TO SHOW CAUSE - 1

Hospital, which is the sole defendant in this suit. Dkt. 5-2 at 4–5. Plaintiff alleges that she was denied adequate treatment for pneumonia and a fractured arm due to the personal biases of hospital staff. *Id.* Plaintiff requests monetary damages and injunctive relief. *Id.* at 9.

## II.    DISCUSSION

Under the Prison Litigation Reform Act of 1996, the Court must screen proposed complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must "dismiss the complaint, or any portion of the complaint, if the complaint: (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); *see also* 28 U.S.C. § 1915(e)(2)(B); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998). Dismissal on these grounds constitutes a "strike" under 28 U.S.C. § 1915(g).

In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must show: (1) she suffered a violation of rights protected by the Constitution or created by federal statute, and (2) the violation was proximately caused by a person acting under color of state law. *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). The first step in a § 1983 claim is therefore to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994). To satisfy the second prong, a plaintiff must allege facts showing how individually named defendants caused, or personally participated in causing, the harm alleged in the complaint. *See Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981). A plaintiff must also plead facts showing that all defendants were acting under color of state law. *Gibson v. United States*, 781 F.2d 1334, 1338 (9th Cir. 1986); *Price v. Hawaii*, 939 F.2d 702, 707–08 (9th Cir. 1991) (private parties do not generally act under color of state law).

Having reviewed the Proposed Complaint, the Court finds that Plaintiff's § 1983 claim against Defendant St. Joseph Hospital is deficient at both steps.

***No Constitutional Violation***. At step one, Plaintiff does not identify the constitutional right forming the basis of her claim. Because her allegations relate to healthcare, it appears that Plaintiff may be seeking relief pursuant to the Eighth Amendment, which guards against deliberate indifference to the serious medical needs of convicted prisoners, or the Fourteenth Amendment, which provides similar protections to pretrial detainees. *Peralta v. Dillard*, 744 F.3d 1076, 1081 (9th Cir. 2014) (Eighth Amendment); *Gordon v. Cnty. of Orange*, 888 F.3d 1118, 1124 (9th Cir. 2018) (Fourteenth Amendment).

Even so, it is unclear whether Plaintiff was a pretrial detainee or convicted prisoner while receiving treatment at St. Joseph Hospital, and her allegations suggest she was not in any form of state custody before or after her discharge from the Hospital. Dkt. 5-2 at 5 (alleging she was left at a bus stop after being "thr[own] out" by hospital staff).

***Non-State Actor.*** Even if Plaintiff had based her claim on one of these constitutional amendments, her § 1983 claim also fails at step two. Specifically, Plaintiff does not allege—nor does it appear—that St. Joesph Hospital is a state actor or an entity acting under color of state law. *See Yesilevsky v. Redmond*, 2020 WL 4370957 (C.D. Cal. April 1, 2020) (finding private hospital and its employees were not state actors). A private entity acts under color of state law only when there is a "sufficiently close nexus between the State and the challenged action of the [private entity]." *Blum v. Yaretsky*, 457 U.S. 991, 1004 (1982) (finding private nursing homes' decisions to discharge or transfer Medicaid patients to lower levels of care were not state action for purposes of § 1983 claim). Thus, unless Plaintiff can demonstrate otherwise, Defendant St. Joseph Hospital is not a proper defendant in this § 1983 action.

ORDER DECLINING SERVICE AND TO SHOW CAUSE - 3

Because Plaintiff has not identified a constitutional violation or defendant acting under color of state law for her § 1983 claim, she has failed to state a viable claim for relief. Given the nature of these deficiencies, the Court finds it unlikely Plaintiff will be able to cure her claim by filing an amended complaint. Thus, if Plaintiff intends to proceed in this § 1983 action, she must **SHOW CAUSE** why it should not be **DISMISSED** for failure to state a claim.

### III.   CONCLUSION

Given the deficiencies described above, the Court **DECLINES** to direct service of the Proposed Complaint. Instead, Plaintiff is **ORDERED** to **SHOW CAUSE** why this action should not be **DISMISSED** for failure to state a § 1983 claim on or before **August 4, 2025**.[1] Failure to respond to this Order by the stated deadline will be deemed a failure to properly prosecute and **MAY** result in a recommendation that this action be **DISMISSED**.

Finally, the Court **DEFERS** decision on Plaintiff's IFP Application (Dkt. 5) until after the deadline to respond to this Show Cause Order has elapsed.

Dated this 3rd day of July, 2025.

Grady J. Leupold
United States Magistrate Judge

---

[1] Dismissal on this ground constitutes a "strike" under 28 U.S.C. § 1915(g).

ORDER DECLINING SERVICE AND TO SHOW CAUSE - 4